JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Arnold Shorter, appeals his convictions and subsequent sentences relating to three separate criminal cases. After review of the record and for the reasons set forth below, we affirm appellant's convictions, but vacate his sentence and remand for resentencing.
 {¶ 2} Appellant was initially indicted in three separate criminal cases before the common pleas court. At his arraignment, he entered pleas of not guilty in each case.
 {¶ 3} In CR-443893, he was charged with one count of receiving stolen property, in violation of R.C. 2913.51. In CR-455597, he was charged in a three-count indictment, including one count of possession of drugs, in violation of R.C. 2925.11; one count of escape, in violation of R.C. 2921.34; and one count of resisting arrest, in violation of R.C. 2921.33. In CR-459068, he was charged in five counts of a six-count indictment. Count one charged murder, in violation of R.C. 2903.02, with a one- and three-year firearm specification; count two charged murder, in violation of R.C. 2903.02, with a one- and three-year firearm specification; count three charged aggravated robbery, in violation of R.C. 2911.01, with a one- and three-year specification; count four charged aggravated robbery, in violation of R.C. 2911.01, with a one- and three-year specification; and count six charged possession of a weapon while under a disability, pursuant to R.C. 2923.12.
 {¶ 4} On June 6, 2005, appellant appeared before the trial court to withdraw his former pleas of not guilty and enter pleas of guilty in all three pending cases, as amended pursuant to a plea agreement. In CR-443893, he pleaded guilty to receiving stolen property, a felony of the fifth degree. In CR-455597, he pleaded guilty to attempted escape, a felony of the fourth degree, and drug possession, a felony of the fifth degree; the remaining count was nolled. In CR-459068, he pleaded guilty to one count of involuntary manslaughter, with a three-year firearm specification, and one count of aggravated robbery, both counts being felonies of the first degree. All remaining counts and specifications were nolled.
 {¶ 5} At the June 6th hearing, the state thoroughly outlined the amended charges, after which appellant indicated that he understood the charges as amended and wished to go forward with pleading guilty. The trial court entered into a Crim.R. 11 colloquy with appellant and specifically inquired whether he understood that, by entering pleas of guilty, he was giving up numerous constitutional rights. Appellant responded that he understood. The trial court discussed the terms of each of the amended counts pursuant to the plea agreement. After explaining each count, stating the charge and its potential punishments, the trial court asked appellant if he understood the charges against him. For each count, appellant answered affirmatively and stated he wished to plead guilty. At the conclusion of this colloquy, the trial court inquired of the attorneys present whether they were satisfied with Rule 11. Both the prosecuting and defense attorneys indicated that they were satisfied. The trial court thereafter accepted appellant's guilty pleas, convicting him on each charge.
 {¶ 6} On July 7, 2005, appellant appeared before the trial court for sentencing. In CR-443893, he was sentenced to eight months in prison. In CR-455597, he was sentenced to one year in prison on each count, to be run concurrently. In CR-459068, he was sentenced to nine years in prison on the involuntary manslaughter charge and nine years in prison on the aggravated robbery charge, to be run consecutive to each other and consecutive to the three-year sentence imposed for the firearm specification. Appellant's sentences in each case were ordered to run consecutive to one another, for a total of 22 years and 8 months imprisonment.
 {¶ 7} Appellant now appeals his convictions and sentence, asserting five assignments of error.
 {¶ 8} Because assignments of error I and IV both relate to appellant's plea, we address them together.
 {¶ 9} "I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT INFORM DEFENDANT AS TO THE NATURE OF THE OFFENSES TO WHICH HE WAS ENTERING PLEAS OF GUILTY."
 {¶ 10} In his first assignment of error, appellant contends that his guilty plea to involuntary manslaughter was invalid. He argues that the trial court erred by not identifying the specific elements of involuntary manslaughter before accepting his guilty plea to that charge. He cites Henderson v. Morgan (1976),426 U.S. 637, to support his contention that he was not made aware of the nature of the amended charge due to the trial court's failure to explicitly recite all the elements of the offense. After a thorough review of the record and pertinent case law, we find this assignment of error to be without merit.
 {¶ 11} The United States Supreme Court, in Bradshaw v.Stumpf (2005), 125 S.Ct. 2398, 162 L.Ed.2d 143, recently clarified Henderson, supra, stating:
 {¶ 12} "The Court of Appeals concluded that Stumpf's plea of guilty to aggravated murder was invalid because he was not aware of the specific intent element of the charge — a determination we find unsupported.
 {¶ 13} "* * *
 {¶ 14} "* * * [T]he Court of Appeals erred in finding that Stumpf had not been properly informed before pleading guilty. * * * While the court taking a defendant's plea is responsible for ensuring `a record adequate for any review that may be later sought,' Boykin v. Alabama (1969), 395 U.S. 238, 244,89 S.Ct. 1709, 23 L.Ed.2d 274, we have never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel. Cf.Henderson, supra, at 647, 96 S.Ct. 2253, 49 L.Ed.2d 108
(granting relief to a defendant unaware of the elements of his crime, but distinguishing that case from others where `the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused'). Where a defendant is represented by a competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty." Supra, at 2405-2406.
 {¶ 15} It is clear from the record the appellant was properly informed of the nature and elements of the charges to which he pleaded guilty. This court notes that the plea hearing itself was held pursuant to a plea agreement, and appellant was represented by competent legal counsel. At the hearing, the state thoroughly recited all the amended charges, after which appellant's legal counsel stated the following:
 {¶ 16} "On behalf of Arnold Shorter, that is a correct recitation of the plea agreement. We have received full discovery in this case and have shared that with Mr. Shorter. And after having discussed the facts and discovery in this case, he is willing to withdraw his previously entered pleas of not guilty and enter pleas of guilty to the amended indictments as outlined by [the state] in each of the three cases." (Tr. 8.)
 {¶ 17} Immediately thereafter, the trial court held a Crim.R. 11 colloquy with appellant and asked him if he was satisfied with his attorney and his representation. Appellant stated he was. The trial court continued this colloquy by explaining the constitutional rights appellant would be giving up by pleading guilty. Appellant repeatedly responded that he understood.
 {¶ 18} The record clearly reflects that appellant knowingly, voluntarily, and with full understanding of his rights entered pleas of guilty. Nothing in the record indicates that appellant was confused at any point during the proceeding. Furthermore, the trial court asked the attorneys if they were satisfied that Crim.R. 11 had been fulfilled. They answered affirmatively. Accordingly, the trial court did not err when it accepted the appellant's guilty pleas, and this assignment of error is without merit.
 {¶ 19} "IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW AND HIS PLEA MUST BE VACATED BECAUSE THE COURT DID NOT PROPERLY INFORM DEFENDANT CONCERNING THE MANDATORY PERIOD OF POST-RELEASE CONTROL."
 {¶ 20} In his fourth assignment of error, appellant argues that the trial court erred when it failed to properly inform him that post release control would extend for a specific period of time. Specifically, appellant asserts that the trial court did not make a definite statement of the mandatory time frame of his post release control when it stated that post release control in his case was "up to five years." This argument is without merit.
 {¶ 21} R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding post release control sanctions in a reasonably thorough manner. Woods v.Telb, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103. "Post release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post release control from the trial court, appellant could not fully understand the consequences of his plea as required by Criminal Rule 11(C)."State v. Griffin, Cuyahoga App. No. 83724, 2004-Ohio-4344.
 {¶ 22} Although appellant argues that he was improperly informed of the specific term of post release control, we do not agree. At the plea hearing, the trial court stated the following:
 {¶ 23} "Do you also understand that these are offenses of the first degree, which would mean that when you are released from a state facility, you would be subject in this case to up to five years of post release control sanctions by the parole board." (Tr. 12-13.)
 {¶ 24} It is clear from the record that the appellant was properly informed of post release control. Although he argues that the trial court's use of the words "up to" in reference to the possible length of post release control is improper, the use of this phrase is entirely appropriate. In accordance with R.C.2943.032(E), the appellant was informed in a reasonably thorough manner that upon his release he would be subject to mandatory post release control that could span a period of time up to five years.
 {¶ 25} Accordingly, the trial court was in full compliance with the mandates of R.C. 2943.032(E) when it addressed the issue of post release control, and this assignment of error is without merit.
 {¶ 26} In his remaining assignments of error, appellant challenges the propriety of his sentence.
 {¶ 27} "II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT IMPOSED CONSECUTIVE SENTENCES.
 {¶ 28} "III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT SENTENCED ON FACTS NOT ALLEGED IN THE INDICTMENT NOR ADMITTED BY DEFENDANT.
 {¶ 29} "V. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT PROPERLY ADVISE DEFENDANT CONCERNING POST-RELEASE CONTROL AT SENTENCING."
 {¶ 30} In his second assignment of error, appellant argues that the trial court erred when it imposed consecutive terms of incarceration pursuant to his various convictions. The Ohio Supreme Court's recent decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, renders this assignment of error without merit for purposes of this appeal. In Foster, the Court found several sections of the revised code unconstitutional, including R.C. 2929.14(E)(4), 2929.41(A), and 2929.19(B)(2), which are at issue in this appeal, and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing maximum, consecutive, or more than the minimum sentences.Foster, supra.
 {¶ 31} Because appellant's sentence was based on unconstitutional statutes, it is deemed void. Therefore, in accordance with the decision in Foster involving appeals with sentencing claims pending on review, we vacate the appellant's sentence and remand this case to the trial court for a new sentencing hearing.
 {¶ 32} Appellant's third and fifth assignments of error also challenge his sentence. Since our ruling on appellant's second assignment of error remands the matter for resentencing, these two remaining assignments of error are moot pursuant to App.R. 12(A)(1)(c).
Convictions affirmed, sentence vacated, cause remanded for resentencing.
This cause is affirmed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Blackmon, J., concur.