JOURNAL AND OPINION
{¶ 1} Defendant-appellant Arnold Shorter appeals from the sentence the trial court imposed upon him at his resentencing hearing, following this court's decision in State v. Shorter, Cuyahoga App. No. 86826,2006-Ohio-2882 ("Shorter T), which affirmed his convictions in three underlying cases, but vacated, pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the original sentence imposed.
 {¶ 2} Shorter argues in his two assignments of error that the total term of fourteen and a half years imposed at the resentencing hearing for his convictions is improper, either because the trial court erred in its addition, or because R.C. 2929.41 *Page 2 
improperly was declared unconstitutional in Foster, and, therefore, the trial court was required to impose only concurrent sentences.
 {¶ 3} This court, however, finds Shorter has misinterpreted both the record and this court's authority to disregard the mandate ofFoster. Since the record fails to reflect any impropriety, Shorter's assignments of error are overruled. His sentence of fourteen and a half years for his convictions is affirmed.
 {¶ 4} The facts underlying Shorter's convictions in the three cases already were set out in Shorter I. Briefly stated, Shorter entered guilty pleas as follows: in CR443893, to one count of receiving stolen property; in CR455597, to one count of drug possession and one count of attempted escape; and, in CR459068, to one count of involuntary manslaughter, with a three-year firearm specification, and to one count of aggravated robbery.
 {¶ 5} The trial court accepted Shorter's pleas after a thorough Crim.R. 11 (C) colloquy. The trial court sentenced him to a total of twenty-two years and eight months for these convictions. It arrived at this total by imposing in CR459068 a three-year term for the firearm specification, to run prior to and consecutive to consecutive nine-year terms for the two convictions (i.e., 3+9+9=21), the terms in CR443893 of eight months, and in CR455597, concurrent terms of one year for each conviction, were to be served consecutively with the terms in CR459068 (i.e, 21+1+8 months). *Page 3 
 {¶ 6} In his original appeal, two of Shorter's assignments of error challenged the knowing and voluntary nature of his plea. These assignments of error were overruled; therefore, his convictions were affirmed. Shorter's remaining three assignments of error challenged his sentence pursuant to Foster. Since the trial court had relied upon statutes Foster deemed unconstitutional, Shorter's entire sentence was vacated, and the matter remanded for resentencing. The decision inShorter I was announced on June 8, 2006.
 {¶ 7} The trial court held Shorter's resentencing hearing on August 3, 2006. According to the transcript of the hearing, some further circumstances had developed. By that time, a man who would have been an additional co-defendant in CR459068 had been located; the man also had been involved in an aggravated robbery and murder of two people, the incident that formed the basis for Shorter's convictions in CR459068. Shorter agreed to testify against him for the state in exchange for the state's agreement to recommend a reduced sentence during the resentencing ordered in Shorter I.
 {¶ 8} Thus, at the outset of Shorter's resentencing hearing, the prosecutor set forth the fact of Shorter's cooperation, and indicated the state would request the court to "consider a 13-year sentence" for him. The court listened, but, decided in view of Shorter's participation in CR459068 in a "massacre," chose its own sentence, stating in pertinent part as follows: *Page 4 
 {¶ 9} "* * * [I]n case 443893, which is a felony of the fifth degree, the Court is sentencing you to a term of one year * * *.
 {¶ 10} "In case 455597, * * * one and a half years, that's 18 months,* * *.
 {¶ 11} "Those sentences will run concurrent.
 {¶ 12} "And in case 459068, as to the involuntary manslaughter charge, * * * nine years * * *. As to the aggravated robbery, * * * nine years * * *.
 {¶ 13} "However, instead of running those terms consecutive, I'm running the nine year terms concurrent with each other.
 {¶ 14} "* * * [T]he three-year firearm specification must run consecutive to the concurrent nine year terms.
 {¶ 15} "Now what that translate[s] into * * * is a term of 14 years and six months * * *."
 {¶ 16} The trial court gave Shorter credit for time served, and informed him he would be subject to five years of post-release control. The journal entries of sentence indicate the sentences in all three cases were to be served consecutively with each other.
 {¶ 17} Shorter now appeals his sentence of fourteen and a half years with two assignments of error, which state:
 {¶ 18} "I. During the sentencing hearing[,] the trial court sentenced the Appellant to concurrent sentences on all three of the above referenced cases to be *Page 5 
served consecutively to a firearms (sic) specification for a total of twelve years in prison. The trial court erred to the Appellant's prejudice when the trial court imposed consecutive sentences for case number 459068 in its journal entry[,] thereby increasing the sentence to fourteen and one-half years.
 {¶ 19} "II. The trial court lacked statutory authority to impose consecutive sentences pursuant to Section 2929.41 of the Ohio Revised Code."
 {¶ 20} Shorter argues in his first assignment of error that the trial court's statements during his resentencing hearing as to the total length of his sentence in these three cases was, at best, ambiguous, and, at worst, poor addition. Shorter, however, misinterprets what he was told.
 {¶ 21} Shorter ignores the fact that he was convicted of five different offenses in these three cases, yet received a total term much less than he originally received. His first conviction was one drug offense. At the resentencing, the trial court imposed a one-year term for this conviction.
 {¶ 22} In the second case, Shorter was convicted for both drug possession and escape. The trial court decided to impose "concurrent" terms of eighteen months for these offenses. That was the court's statement during Shorter's resentencing hearing.
 {¶ 23} Similarly, although a three-year term for the firearm specification was required to be served prior to and consecutive with nine-year terms for the two *Page 6 
convictions in the last case, the terms for those two convictions were "concurrent" with each other.
 {¶ 24} It is clear from the trial court's statements that it intended to, and did, impose the terms in each case, internally, concurrently when possible. Thus, in CR443893, one year, in CR455597, one and a half years, and in CR459068, three years and nine years.
 {¶ 25} However, the trial court's intent, clearly, was that the total term in each separate case be imposed consecutively to the others, i.e., 1+1/2+3+9=14 Vi.
 {¶ 26} This court, therefore, finds neither ambiguity nor poor addition in the trial court's imposition of resentence. Furthermore, the trial court adequately informed Shorter of his sentence at the resentencing hearing.
 {¶ 27} Shorter's first assignment of error, accordingly, is overruled.
 {¶ 28} Shorter essentially argues in his second assignment of error that the Ohio Supreme Court's decision in Foster is "unreasonable" in part. Specifically, he asserts that the there was no necessity to declare R.C. 2929.41[1] unconstitutional, because that statutory section became "neutral" for purposes of "sentence enhancement" once R.C. 2929.14(E)[2] was declared unconstitutional. *Page 7 
 {¶ 29} This court lacks authority to overrule a portion of a decision of the supreme court. Rather, appellate courts are bound by decisions of the Ohio Supreme Court and can neither "overrule" that court's decision nor declare it "unreasonable." State v. Sheets, Clermont App. No. CA2006-04-032, 2007-Ohio-1799,¶ 16.
 {¶ 30} Moreover, since the sentence imposed for Shorter's convictions in each case was within the "statutory maximum" permitted, the trial court had statutory authority and did not violate his constitutional rights by choosing consecutive terms. Id.¶ 18.
 {¶ 31} For the foregoing reasons, Shorter's second assignment of error also is overruled.
 {¶ 32} The trial court's orders of resentence in these three cases, which total fourteen and a half years, are affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and MELODY J. STEWART, J. CONCUR
[1] That section made a presumption for concurrent sentences.
[2] That section permitted consecutive sentences if the trial court made certain "findings" on the record. *Page 1