JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Joseph Cook ("Cook"), appeals his sentence and sexual predator classification. Finding some merit to the appeal, we affirm his sexual predator classification, but vacate his sentence and remand the matter for resentencing.
 {¶ 2} In 2003, Cook was charged with one count of rape containing three furthermore clauses stating that the victim was under age ten, that Cook purposely compelled the victim to submit by force or threat of force, and that Cook, during or immediately after the commission of the offense, caused serious physical harm to the victim. He was also charged with one count of kidnapping with a sexual motivation specification. Cook pled guilty to an amended charge of rape and the State dismissed the kidnapping charge. The trial court sentenced Cook to seven years in prison and classified him as a sexual predator.
 {¶ 3} Cook appeals, raising five assignments of error, which will be addressed together and out of order where appropriate.
 Sentence {¶ 4} In his first assignment of error, Cook argues that the trial court erred when it sentenced him without first providing him the opportunity for allocution. He argues in his second assignment of error that the court violated his Sixth Amendment right to trial by jury when it imposed a sentence that exceeded the presumptive minimum for a first degree felony.
 {¶ 5} The Ohio Supreme Court has determined that Crim.R. 32(A)(1) confers an absolute right of allocution. State v.Green, 90 Ohio St.3d 352, 358, 2000-Ohio-182, 738 N.E.2d 1208;State v. Campbell, 90 Ohio St.3d 320, 324-325, 2000-Ohio-183,738 N.E.2d 1178. "The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed." Defiance v. Cannon
(1990), 70 Ohio App.3d 821, 828, 592 N.E.2d 884, 8 Anderson's Ohio App. Cas. 113. See, also, State v. Muntaser, Cuyahoga App. No. 81915, 2003-Ohio-5809.
 {¶ 6} In the instant case, the trial court held the sentencing and the sexual predator classification hearings on June 4, 2004. Although defense counsel addressed the court, the court did not provide Cook an opportunity to make a statement. After hearing all the evidence, the trial court took both matters under advisement. On July 12, the trial court made its findings on the record, classifying Cook as a sexual predator and sentencing him to seven years in prison. Again, the trial court did not provide Cook an opportunity to speak prior to sentencing.
 {¶ 7} Therefore, we find that the trial court erred in failing to allow Cook an opportunity for allocution prior to sentencing. Cook's sentence is vacated and this case is remanded for resentencing. Because the sentence is vacated, his second assignment of error is rendered moot.
 {¶ 8} Accordingly, the first assignment of error is sustained and the second assignment of error is moot.
 Ex Post Facto Legislation {¶ 9} In his fifth assignment of error, Cook argues that R.C.2950.01 et seq., the sexual predator statute, violates Section 10, Article I of the United States Constitution as ex post facto legislation and violates Section 28, Article II of the Ohio Constitution as retroactive legislation.
 {¶ 10} This court has previously rejected this argument inState v. Baron, 156 Ohio App.3d 241, 2004-Ohio-747,805 N.E.2d 173, holding that the Ohio Supreme Court as well as the United States Supreme Court have found that these types of sexual offender registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws. See, Statev. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570;Smith v. Doe (2003), 538 U.S. 84, 155 L. Ed. 2d 164,123 S. Ct. 1140. See, also, State v. Gaggi, Cuyahoga App. No. 84919, 2005-Ohio-1992.
 {¶ 11} Therefore, following this court's precedent, we find that R.C. 2950.09 is constitutionally valid.
 {¶ 12} Accordingly, the fifth assignment of error is overruled.
 Sexual Predator Classification {¶ 13} In his third and fourth assignments of error, Cook argues that the trial court improperly considered uncharged acts as an aggravating factor in determining that he was a sexual predator. He also argues that the evidence was insufficient to prove "by clear and convincing evidence" that he was "likely to engage in the future in one or more sexually oriented offenses."
 {¶ 14} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, before classifying an offender as a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C.2950.09(B)(4).
 {¶ 15} In State v. Eppinger, the Ohio Supreme Court defined the clear and convincing evidence standard as follows:
"Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, citing Cross v. Ledford (1954), 161 Ohio St. 469,477, 120 N.E.2d 118.
 {¶ 16} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 17} Pursuant to R.C. 2950.09(B)(3), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender completed any sentence imposed for any conviction, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 18} R.C. 2950.09(B)(2) does not require that each factor be met. It simply requires the trial court consider those factors that are relevant. Cook, supra at 426; State v. Grimes
(2001), 143 Ohio App.3d 86, 89, 757 N.E.2d 413.
 {¶ 19} Further, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge."Schiebel, supra at 74, citing Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 20} In the instant case, Cook argues that the trial court erred when it considered a 2003 arrest for gross sexual imposition involving a ten-year-old boy as "another relevant factor" in determining whether to classify Cook as a sexual predator.
 {¶ 21} The Ohio Rules of Evidence do not strictly apply at a sexual predator determination hearing. Cook, supra at 425. Thus, in deciding whether to classify an offender as a sexual predator, the court may rely upon reliable hearsay such as a presentence investigation report. Id.
 {¶ 22} This court, as well as several other appellate courts, have found that evidence of uncharged sexual offenses is admissible at a sexual predator hearing. State v. Baron,
Cuyahoga App. No. 80712, 2002-Ohio-4588; State v. Bolser,
Butler App. No. CA2002-020-34, 2003-Ohio-1231; State v. Austin,138 Ohio App.3d 547, 2000-Ohio-1728, 741 N.E.2d 927; State v.Burgess (July 10, 2000), Fayette App. No. CA99-08-21; State v.Pryce (June 28, 2000), Summit App. No. 19888; State v. McGavin
(Feb. 16, 1999), Warren App. No. CA98-08-92; State v.Bedinghaus (July 31, 1998), Hamilton App No. C-970833.
 {¶ 23} Even if we were to find that the 2003 arrest was improperly considered, the reliance upon this arrest was not prejudicial because the trial court could reasonably conclude from the other evidence that Cook is a sexual predator. The record demonstrates that Cook, age 23, pled guilty to raping a five-year-old girl. The circumstances around the offense indicated that Cook was the boyfriend of the victim's babysitter and that he also occasionally babysat for the victim. The victim stated that Cook vaginally raped her and told her not to tell her mother. Cook denied having sexual contact with the victim. He claimed that the criminal allegations were made because "[S]he (victim's mother) wanted to have sex with me and I wouldn't let that ride."
 {¶ 24} As a juvenile in 1995, Cook was adjudicated a delinquent on the charges of rape, gross sexual imposition, assault, and aggravated menacing of a four-year-old girl. Cook denied having sexual contact with that victim and claimed that the allegations were made because the victim's mother did not "get along" with his mother.
 {¶ 25} According to Dr. Michel Arnoff's evaluation, Cook indicated that he was receiving sexual offender treatment as a juvenile but it was discontinued after he attempted to contact a female resident at the treatment center. Cook was subsequently transferred to the Ohio Department of Youth Services. Thus, he failed to complete any sexual offender treatment for his prior sexually oriented offenses.
 {¶ 26} Cook obtained a Static-99 score of three, which is within the medium-to-low risk category. However, the report indicates that the recidivism rates may be inaccurate because Cook's juvenile offense records were unavailable. Dr. Arnoff indicated that it is possible that Cook's actual Static-99 score could be either a four or five, which would place him in the medium-to-high risk category.
 {¶ 27} The results of the Abel Assessment for sexual interest indicated that Cook's "[S]ocial Desirability score is considered to be within the `problematic' range and suggests that Mr. Cook may be unwilling to admit to violations of common social mores, such as impatience, anger, etc. Thus he may have difficulty responding truthfully to others." Cook also generated high probability values for boy victims, matching those individuals known to have molested boy victims outside the family.
 {¶ 28} Therefore, based on the facts of the case, Cook's prior criminal history and lack of treatment, the Static-99 results, and the Abel Assessment for sexual interest, we find clear and convincing evidence exists to support the trial court's decision classifying Cook as a sexual predator.
 {¶ 29} Accordingly, the third and fourth assignments of error are overruled.
Sexual predator classification affirmed. Sentence vacated, and case remanded for resentencing.
It is ordered that appellant recover of appellee the costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Calabrese, Jr., J. Concur