JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Joseph Cook, appeals his sentence from the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we vacate and remand for resentencing.
 {¶ 2} Cook pled guilty to one count of rape and was sentenced to seven years in prison. His sentence was vacated in State v. Cook, Cuyahoga App. No. 85186, 2005-Ohio-4010. His case was remanded for resentencing because the judge failed to provide Cook with the opportunity for allocution.
 {¶ 3} On remand, Cook was sentenced by a different judge. Cook was given the opportunity to speak. The court was informed of Cook's progress since entering prison three and one-half years earlier. Cook expressed remorse and apologized to the victim and her family.
 {¶ 4} The judge said that although it appears Cook was attempting to turn his life around, the judge did not know anything about the case and was reluctant to change Cook's original sentence. The judge resentenced Cook to the original term of seven years. Cook appeals, advancing three assignments of error for our review.
 {¶ 5} Cook's first assignment of error states the following:
 {¶ 6} "Cook was denied his right to a sentencing de novo by a judge who refused to alter the sentence previously imposed in violation of Mr. Cook's right to allocution." *Page 4 
 {¶ 7} Cook asserts that the trial court incorrectly relied on Cook's prior sentencing hearing, which was void in light of our decision inCook, supra. Cook argues that because the trial court stated that it was reluctant to change the original sentence because the prior judge knew more about the case, Cook did not get a de novo sentencing hearing. We agree.
 {¶ 8} In State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, the supreme court held that any case that is remanded for resentencing is sent back for a de novo review.
 {¶ 9} In State v. Gaston, Portage App. Nos. 2006-P-0071, 2006-P-0072, the Eleventh District Court of Appeals held that appellant was not given a de novo sentencing hearing because the trial court expressly stated that in all cases on remand under Foster, he has consistently imposed the original sentence no matter what was presented at the new sentencing hearing. The case was remanded for resentencing.
 {¶ 10} A review of the record in Cook's case reveals that the trial court would not change Cook's original sentence regardless of what was presented at the hearing. Although the trial court is free to impose the identical sentence that was originally imposed, or a greater or lesser sentence within its discretion, Cook was still entitled to a de novo review. Gaston, supra. Here, the trial court merely deferred to the original judge's decision, and erred by not giving Cook a de novo review. Accordingly, Cook's first assignment of error is sustained. *Page 5 
 {¶ 11} Cook's second assignment of error states the following:
 {¶ 12} "The sentence imposed must be vacated because the trial court incorrectly advised the defendant about the consequences of violating post-release control."
 {¶ 13} Cook complains that the trial court failed to inform him that he was subject to a mandatory five years of post-release control, and that the trial court failed to properly advise him of the consequences of violating post-release control.
 {¶ 14} The trial court stated:
 "Mr. Cook, upon completion of the prison term you shall be subject to post release control for up to five years, as determined by the Parole Board pursuant to Ohio Revised Code 2967.28.
 "If you commit a felony while on post release control, a court having jurisdiction of the new felony may, pursuant to Ohio Revised Code 2967.28, extend the stated prison term for further periods not less than three months as provided by law. * * *."
 {¶ 15} In a similar case, State v. Shorter, Cuyahoga App. No. 86826,2006-Ohio-2882, this court found as follows: "It is clear from the record that appellant was properly informed of post release control. Although he argues that the trial court's use of the words `up to' in reference to the possible length of post release control is improper, the use of this phrase is entirely appropriate. In accordance with R.C. 2943.032(E), the appellant was informed in a reasonably thorough manner that upon his release he would be subject to mandatory post release control that could span a period of time up to five years." *Page 6 
 {¶ 16} We find that Cook was properly informed that he was subject to five years of post-release control. However, the trial court improperly advised Cook regarding the penalties involved in violating post-release control.
 {¶ 17} In State v. Evans, Cuyahoga App. Nos. 84966 and 86219,2005-Ohio-5971, we vacated appellant's sentence because the trial court inaccurately informed him of the maximum penalty for violating post-release control. The trial court informed the appellant that he could be sent back to prison for three years, when he could be sent back for three years and five months. As a result, his sentence was vacated and remanded for resentencing.
 {¶ 18} Here, the trial court did not advise Cook that if he violated post-release control, he could be subject to up to one-half of the stated prison term originally imposed upon the offender, for a total of three and one-half years. R.C. 2967.28. Accordingly, we overrule in part and sustain in part Cook's second assignment of error.
 {¶ 19} Cook's third assignment of error states the following:
 {¶ 20} "Mr. Cook was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework."
 {¶ 21} Under this assignment of error, Cook acknowledges that this court has already addressed and rejected ex post facto and due process claims as they apply to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See State v. Mallette, *Page 7 
Cuyahoga App. No. 87984, 2007-Ohio-715. Nevertheless, Cook asserts that our decision in Mallette, for various reasons, was wrongly decided. Again, we disagree.
 {¶ 22} In State v. Crim, Cuyahoga App. No. 90222, 2008-Ohio-3805, we recently reaffirmed our decision in Mallette. In addition, we rejected the arguments, which Cook makes herein, that retrospective application of Foster was "disadvantageous" to offenders, and that retrospective application of Foster denied offenders "meaningful appellate review." See id.
 {¶ 23} Accordingly, Cook's third assignment of error is overruled.
 {¶ 24} Judgment vacated and cause remanded for resentencing in accordance with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. MCMONAGLE, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1