[Cite as *Garfield Hts. v. Marbury*, 2016-Ohio-7960.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103849**

# CITY OF GARFIELD HEIGHTS

PLAINTIFF-APPELLEE

vs.

# MAURICE MARBURY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Garfield Heights Municipal Court
Case No. CRB 150114

**BEFORE:** E.T. Gallagher, J., McCormack, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 1, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    David Martin King
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Patrick J. Cooney
Garfield Heights Prosecutor
Garfield Heights Law Department
5407 Turney Road
Garfield Heights, Ohio 44125

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Maurice Marbury ("Marbury"), appeals his conviction and sentence. He raises four assignments of error:

1. The trial court erred and violated the defendant's due process rights when it failed to provide the defendant the opportunity for allocution prior to adjudication and sentencing in violation of the U.S. Constitution Amendments V and XIV, and Ohio Constitution Article I, Section 10.

2. Defendant Maurice Marbury was denied access to counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

3. Defendant Maurice Marbury was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

4. The trial court erred by denying accused's motion for a new trial in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.[1]

We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

**{¶2}** On June 9, 2015, Garfield Heights police officers responded to a report of domestic violence at a residence in Garfield Heights. The victim reported that Marbury choked her, and police observed red marks on her neck consistent with a recent choke hold. Marbury informed the officers that he had an argument with the victim, and that the victim attacked him and ripped off his shirt. The officers arrested Marbury, who was

---

[1] Although Marbury's fourth assignment of error asserts the trial court erred in denying his motion for new trial, Marbury never went to trial. However, within the fourth assignment of error, Marbury argues the court erred in denying his motion to withdraw his no contest plea.

subsequently charged with one count of domestic violence in the Garfield Heights Municipal Court.

{¶3} Marbury spoke with a public defender regarding the case and pleaded not guilty at his arraignment the day after his arrest. However, Marbury was unable to post bond because he was also being held in connection with a probation violation. As a result, Marbury remained in jail for three weeks before appearing in court at a pretrial with his court-appointed attorney. Marbury's trial counsel advised the court that Marbury wished to enter a no contest plea against the advice of counsel, who believed he could obtain a more favorable result at trial.

{¶4} Marbury informed the court he wanted to plead no contest if he would be released from jail that day and sentenced to time served. The court explained that it would neither accept a coerced plea nor negotiate a plea deal. Marbury maintained his desire to plead no contest even without a promise that he would be immediately released from jail. Accordingly, the court accepted Marbury's no contest plea and sentenced him to 180 days in jail, with 150 days suspended. The court also suspended fines and costs and placed Marbury on probation with instructions not to contact the victim or her children.

{¶5} Marbury subsequently filed a motion to withdraw his no contest plea. The city of Garfield Heights opposed Marbury's motion, and the matter was set for a hearing in open court. However, the court denied the motion after Marbury failed to appear for the hearing. This appeal followed.

## II. Law and Analysis

### A. Allocution

{¶6} In the first assignment of error, Marbury argues the trial court violated his right of allocation. He also argues the trial court erroneously failed to allow him to explain the circumstances giving rise to the domestic violence charge before taking his plea and before imposing his sentence. He relies on Crim.R. 32(A)(1) and R.C. 2937.07 to support these arguments.

{¶7} R.C. 2937.07 sets forth the procedure the trial court must follow when accepting a guilty or no contest plea. As relevant here, R.C. 2937.07 provides that a "no contest plea" to a misdemeanor offense "shall constitute an admission of the truth of the facts alleged in the complaint" such that "the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." Despite Marbury's statements to the contrary, R.C. 2937.07 does not afford the accused any right to explain the circumstances of the offense, only that the court hears an explanation of the circumstances from the prosecutor, a witness, or some combination thereof.

{¶8} In contrast to R.C. 2937.07, Crim.R. 32(A) codifies a defendant's constitutional right of allocation. A trial court complies with a defendant's right of allocation when it addresses the defendant personally and asks whether he has anything he would like to say on his own behalf for purposes of sentencing. *Green v. United States*, 365 U.S. 301, 305, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). The remedy for a violation of one's right of allocation is to vacate the sentence, remand for resentencing, and provide

the defendant an opportunity to speak prior to the resentencing. *State v. Cook*, 8th Dist. Cuyahoga No. 85186, 2005-Ohio-4010, ¶ 6-7.

{¶9} Despite Marbury's statements to the contrary, the court allowed Marbury time to make a lengthy statement regarding his version of the domestic dispute. Marbury explained, in part:

> MR. MARBURY: Two weeks prior to this I told her I wanted to leave if we don't get therapy.
>
> THE COURT: Okay.
>
> MR. MARBURY: She came in this day and got to talking about five different things really at the same time, so I'm just sitting here listening.
>
> And then she's like well, look, I'm getting ready to take the girls on vacation because we need a break. And I'm like you know what, you don't have to do that, I'll go to my house, I need to work on my house anyway. That turned into what do you mean you're going to go to your house, what does that — explain that to me. Violent. I'm not saying nothing.
>
> Now you approaching me and get in my face talking about what you doing. I say well, listen, I'm getting ready to go, just let me leave.
>
> THE COURT: Okay.
>
> MR. MARBURY: Then it turns —
>
> THE COURT: Go ahead.
>
> MR. MARBURY: Just that day it turns into where you going, you ain't going nowhere. Let me leave, just let me leave.
>
> Ma'am, I have t-shirt that torn off my back. That doesn't just happen from you defending yourself.
>
> THE COURT: Okay.

MR. MARBURY: That happens from me trying to get away from you. That's exactly what happened. Now I'm admitting that I'm getting ready to leave, now you don't want me to leave.

This — I don't have a history of domestic violence, ma'am.

THE COURT: No, you don't.

MR. MARBURY: * * * This is retaliation for me telling her that I was ready to go.

{¶10} In addition to these statements, Marbury explained that he taught the victim's daughters how to ride bikes, and supported the victim's 11 year-old daughter in improving her grades while coming off of medication. Thus, Marbury was afforded ample opportunity to explain the circumstances of the offense and to make a statement in mitigation of sentence. The court also heard the victim's version of the events as well as statements from the prosecutor. Although the court heard the bulk of these statements after Marbury entered his no contest plea, the statements were made before the court entered a finding of guilt in the court's journal.[2] Therefore, the record reflects that the trial court heard the circumstances of the offense as required by R.C. 2937.07 and afforded Marbury the opportunity to make a statement on his own behalf as required by Crim.R. 32(A)(1).

{¶11} Accordingly, the first assignment of error is overruled.

---

[2] The trial court did not make a finding of guilt on the record, but noted the guilty finding on the journal entry after the proceedings in open court were concluded. We have held that "[t]here is no requirement that a trial court * * * orally pronounce a separate finding of guilt 'in open court' following its acceptance of the defendant's guilty plea." *State v. Rogers*, 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, ¶ 15.

### B. Access to Counsel

{¶12} In the second assignment of error, Marbury argues he was denied access to counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution because he did not consult with counsel until moments before the pretrial where the court accepted his no contest plea.

{¶13} However, the record shows that Marbury had an opportunity to discuss the case with counsel shortly before trial. Indeed, counsel recommended that Marbury exercise his right to trial rather than plead no contest because counsel believed they had a good chance of obtaining a better result at trial. When Marbury advised the court that he wanted to enter a no contest plea in order to get out of jail, the court adjourned the proceedings to allow Marbury to further discuss the case with counsel.

{¶14} There is no evidence in the record to suggest that Marbury was rushed or pressured to plead no contest without advice of counsel. He had the opportunity to discuss the merits of the case as well as the pros and cons of pleading no contest instead of proceeding to trial. Moreover, Marbury had the opportunity to work with counsel to prepare the case for trial but chose not to do so. Thus, Marbury had access to counsel, and there is no evidence to suggest that he lacked a meaningful opportunity to consult with counsel before pleading no contest.

{¶15} Accordingly, the second assignment of error is overruled.

### C. Effective Assistance of Counsel

**{¶16}** In the third assignment of error, Marbury argues his constitutional right to the effective assistance of counsel was violated. However, a claim of ineffective assistance of counsel is waived by a guilty or no contest plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992).

**{¶17}** In order to establish the prejudice necessary for an ineffective assistance of counsel claim where the appellant pleaded guilty or no contest, the appellant must demonstrate there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty to the offense at issue and would have insisted on going to trial. *Williams* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).

**{¶18}** There is no evidence that Marbury's trial counsel was deficient. Counsel strongly advocated taking Marbury's case to trial. Marbury disregarded the advice of counsel and pleaded no contest. Now Marbury complains he should not have entered the no contest plea because he did not have sufficient time to work with counsel to prepare a defense.

**{¶19}** Marbury's decision to plead no contest curtailed the time he could have spent working with counsel to prepare a defense. He therefore created the circumstances of which he now complains. The invited error doctrine prohibits a party who induces

error in the trial court from taking advantage of such error on appeal. *State v. Armstrong*, 8th Dist. Cuyahoga No. 103088, 2016-Ohio-2627, ¶ 69.

**{¶20}** Moreover, because there is no evidence that counsel's performance was deficient, Marbury's ineffective assistance of counsel claim fails as a matter of law.

**{¶21}** The third assignment of error is overruled.

### D. Motion to Withdraw No Contest Plea

**{¶22}** In the fourth assignment of error, Marbury argues the court erred in denying his motion to withdraw his no contest plea.

**{¶23}** Crim.R. 32.1 permits a defendant to file a presentence motion to withdraw his plea. Although "a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted," a defendant has no absolute right to withdraw a guilty plea before sentencing. *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715. Rather, a defendant bears the burden of providing a reasonable and legitimate reason for withdrawing his guilty plea. *State v. Van Dyke*, 9th Dist. Lorain No. 02CA008204, 2003-Ohio-4788, ¶ 10.

**{¶24}** Marbury contends the court should have withdrawn his no contest plea because Marbury entered the plea without adequate representation of counsel. However, as previously discussed, counsel met with Marbury shortly before the pretrial to discuss the case, and counsel urged him to exercise his right to trial. Marbury disregarded this advice. Therefore, there is no evidence that Marbury was denied the effective assistance of counsel prior to entering his no contest plea; only that he forfeited it.

{¶25} Moreover, the record shows the court set a hearing on Marbury's motion to withdraw his no contest plea, but Marbury failed to appear at the appointed time. Thus, Marbury failed to provide a reasonable and legitimate reason for withdrawing his no contest plea, and the court properly overruled his motion.

{¶26} Accordingly, the fourth assignment of error is overruled.

### III. Appellee's Cross-Assignment of Errors

{¶27} Appellee, city of Garfield Heights, raised two cross-assignments of error, but is not seeking to change the trial court's judgments. App.R. 3(C)(2) provides that "[a] person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal or to raise a cross-assignment of error." Therefore, Garfield Heights was not required to file a notice of appeal in order to raise its separate arguments on appeal.

{¶28} In its two cross-assignments of error, Garfield Heights argues this court lacks jurisdiction to hear Marbury's appeal because he failed to file a timely notice of appeal and failed to comply with the requirements of App.R. 5(A) for filing a delayed appeal. However, Marbury sought and obtained leave from this court to file a delayed appeal. Therefore, Garfield Heights' assigned errors are moot.

### IV. Conclusion

{¶29} The trial court did not violate R.C. 2937.07 or Marbury's right of allocution where the court allowed Marbury to explain the circumstances of the offense and to make

a statement in mitigation of sentence. Additionally, Marbury was not denied access to counsel or the effective assistance of counsel even though counsel met with Marbury shortly before the pretrial where Marbury pleaded no contest since counsel urged Marbury to exercise his right to trial, and defendant pleaded no contest against advice of counsel. Finally, the trial court properly overruled Marbury's motion to withdraw his no contest plea where he failed to provide a reasonable and legitimate reason for withdrawing the plea.

{¶30} The trial court's judgment is affirmed.

{¶31} It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR